# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.F.**

**No. 18-0915** (Kanawha County 18-JA-34)

**FILED**

**March 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother R.M., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's September 19, 2018, order terminating her parental rights to A.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Bryan B. Escue, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2018, the DHHR filed a petition alleging that petitioner was charged with conspiracy after "a large amount of heroin and methamphetamine was found in her home." According to the DHHR, A.F., who was then seven years old, was present in the home when petitioner was arrested and no suitable relatives could be found to care for the child. Further, the DHHR alleged that the child was not enrolled in school. Finally, the DHHR alleged that petitioner failed to provide the child with the necessary food, clothing, supervision, and housing. Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in March of 2018. Petitioner did not appear, but was represented by counsel. The DHHR presented testimony regarding petitioner's incarceration; the emotional impact of her arrest on the child; the lack of suitable relatives to supervise the child; petitioner's failure to enroll the child in school; and petitioner's inability to

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

provide the name of the child's treating physician or a detailed treatment plan, despite statements that the child was autistic. The circuit court adjudicated petitioner as an abusing parent.

In July of 2018, the circuit court held a final dispositional hearing and petitioner appeared.[2] The DHHR moved to terminate petitioner's parental rights and introduced evidence that petitioner was noncompliant with drug screening with the exception of one screen she submitted to in May of 2018, which was positive for methamphetamine. According to the DHHR, petitioner was aware that visitation with the child was conditioned on random drug screening. Petitioner testified that she was unable to participate in drug screens due to medical and transportation issues, but she admitted that she did not request assistance from the DHHR. Petitioner further admitted to using heroin "once or twice" since she was released from incarceration. Petitioner explained that she used heroin as self-medicated pain relief and had used continually since her son was born seven years ago. Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected because petitioner failed to follow through with a reasonable family case plan designed to reduce the neglect of the child and that termination of petitioner's parental rights was necessary for the welfare of the child. Accordingly, the circuit court terminated petitioner's parental rights by its September 19, 2018, order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

---

[2]Petitioner appears to have been released from incarceration between March of 2018 and April of 2018.

[3]The father's parental rights were also terminated. According to the parties, the permanency plan for the child is adoption in his current foster placement.

2

On appeal, petitioner argues that the circuit court erred in terminating her parental rights because "the only allegation with which [she] was adjudicated was the fact that she was incarcerated at the time of the filing of the petition and [she] did not have someone to care for the child during her incarceration." Petitioner claimed that this condition was remedied by her release from incarceration. However, we disagree. The record on appeal shows that the circuit court heard other evidence related to adjudication, including petitioner's failure to enroll the child in school and follow through with seeking treatment for his possible autism spectrum disorder. As a result, the circuit court found that the child was a neglected child as defined by the West Virginia Code.[4] Accordingly, petitioner's incarceration was not the only condition that threatened the welfare of the child and needed to be remedied.

Further, the circuit court correctly terminated petitioner's parental rights because she failed to participate in services provided by the DHHR. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Petitioner failed to participate in random drug screening, which was necessary considering her admission to using heroin during the proceedings. Further, petitioner's supervised visitations with her child were conditioned on those drug screens. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90, n.14, 479 S.E.2d 589, 600, n.14 (1996)(citing *Tiffany Marie S.*, 196 W. Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Due to petitioner's failure to drug screen, she only saw the child once since his removal. Based on petitioner's failure to follow through with services, we find no error in the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be remedied in the foreseeable future.

Similarly, we find no error in the circuit court's finding that termination of petitioner's parental rights was necessary for the welfare of the child. Petitioner explained that she ended her

---

[4]West Virginia Code § 49-1-201 defines a "neglected child" as a child

[w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care or education, when that refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent, guardian or custodian.

substance abuse while she was incarcerated, but later admitted that she continued to use heroin after her release. Accordingly, the child's welfare would continue to be threatened if he were returned to her care. We have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The circuit court did not err in finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected or in finding that termination was necessary for the welfare of the child. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 19, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: March 15, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison